IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

H. BROOKS AND COMPANY, LLC,

                Plaintiff,                      OPINION AND ORDER

   v.

                                                 12-cv-455-wmc

THE RED ONION, LLC, and
STANLEY YERGES,

                Defendants.

---

Plaintiff H. Brooks and Company, LLC ("Brooks") is a fresh produce seller that supplied onions to the defendant grocery store, The Red Onion, LLC ("Red Onion"), for several months in 2011. Red Onion later went out of business without paying outstanding bills owed to Brooks. In this lawsuit, Brooks is asserting claims against Red Onion and one of its officers and shareholders, Stanley Yerges, for damages under Wisconsin contract and tort law, as well as claims to enforce payment under a trust created by the federal Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. § 499e. Brooks has moved for partial summary judgment against Red Onion on its breach of contract claim and on its claim that Red Onion violated a statutory PACA trust (dkt. #12), which this court will grant.

UNDISPUTED FACTS[1]

---

[1] With respect to the dispute between Brooks and Red Onion, the court finds that the following facts are material and undisputed unless otherwise noted.

H. Brooks and Company, LLC, is a produce company headquartered in New Brighton, Minnesota. Brooks is and has been in the business of selling perishable agricultural commodities to merchants, dealers and retailers. It currently holds a valid Perishable Agricultural Commodities Act ("PACA") license issued by the United States Department of Agriculture.

The Red Onion, LLC has done business under the name of "Red Onion Fresh Market." On January 18, 2010, Red Onion was issued PACA License No. 20100385 by the USDA Agricultural Marketing Services; this license was continuously active through at least October 2012.

Between May 7 and September 7, 2011, Brooks sold and shipped perishable agricultural commodities to Red Onion at Red Onion's request in a series of transactions. The agreed-upon payment terms for the sales were "Net 7 Days," meaning that payment was due within seven days of receipt of product. On a weekly basis between May 18 and September 7, 2011, Brooks also forwarded and Red Onion received invoices for the perishable agricultural commodities sold and shipped to Red Onion. On each invoice, Brooks included statutorily-required language to preserve its PACA trust interest in inventory and sales proceeds pursuant to 7 U.S.C. § 499e(c)(4). Red Onion did not object to any of these invoices at any time before Brooks brought this lawsuit.

After taking into account all credits, Brooks' outstanding invoices to Red Onion totaled $56,961.59. On September 23, 2011, Brooks sent a Statement of Account to Red Onion demanding this sum. Red Onion has (1) not paid any portion of this sum,

(2) ceased operations as a going concern, (3) liquidated all of its inventory and (4) paid the proceeds from the liquidation to its primary lender, the Small Business Association.

## OPINION

Summary judgment is proper if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view all facts and draw all inferences in the light most favorable to the non-moving party. *Schuster v. Lucent Tech., Inc.*, 327 F.3d 569, 573 (7th Cir. 2003). Brooks seeks summary judgment against Red Onion on the first and third causes of action enumerated in his complaint.

### A. Breach of contract

Red Onion does not dispute that it violated its sales contract with Brooks by failing to pay for supplied produce. Summary judgment is, therefore, appropriate with respect to Brooks' cause of action for breach of contract.

### B. Violation of the PACA trust

Brooks' third cause of action asserts that the $56,961.59 owed by Red Onion is also subject to a statutory trust created by operation of the PACA. In selling produce to Red Onion pursuant to 7 U.S.C. § 499e(c)(1)-(4), Brooks claims to be the temporary beneficiary of a "trust" comprising Red Onion's perishable agricultural commodities, all inventories of food or other products derived from such commodities and any receivables

or proceeds from their sale. Brooks further claims to have performed and fulfilled all duties required to preserve its right to trust assets of at least $56,961.59, plus recoverable interest and attorneys' fees. Brooks' motion for summary judgment, therefore, seeks a declaration that: (1) the debt owed by Red Onion created a PACA trust; and (2) Red Onion breached its fiduciary duties as trustee by liquidating trust assets (the perishable goods and proceeds from their sale) to pay its primary creditor, rather than to discharge the debt owed to Brooks.

In defense, Red Onion argues that (1) possession of a PACA license imposes no strict liability on a licensee for failure to properly dispose of trust assets; (2) a PACA violation requires a culpable state of mind lacking in the allegations; and (3) Brooks has no private right of action to sue for breach of PACA fiduciary duties. None of these objections is well taken. *First*, PACA places an affirmative duty on every "commission merchant, dealer, or broker" to hold perishable agricultural commodities "in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in [a] transaction, until full payment of the sums owing in connection with such transaction[] has been received by such unpaid suppliers, sellers, or agents." 7 U.S.C. § 499e(c)(2). The Act also makes it unlawful to breach duties owed under the trust. 7 U.S.C. § 499b(4). In light of these express duties, it is unclear just what Red Onion means by stating (without explanation) that summary judgment turns on whether "a PACA license imposes strict liability." (Df's. Opp. Br., dkt. #18, at 2.)

*Second*, Red Onion argues that the complaint fails to allege the elements necessary to establish a PACA violation because it fails to allege the intent to defraud. Again,

4

however, Red Onion cites no law indicating that a violation of trust duties under PACA requires such intent (nor can the court conceive of an argument why this should be so).

*Third*, PACA expressly grants an aggrieved seller a private right of action in court to enforce payment under a trust. 7 U.S.C. § 499e(c)(5) ("The several district courts of the United States are vested with jurisdiction specifically to entertain (i) actions by trust beneficiaries to enforce payment from the trust."). Contrary to Red Onion's intimation, this right does not appear at all diminished by the fact that the Act also provides sellers the alternative of filing a complaint with the Secretary of the Department of Agriculture. *See* 7 U.S.C. § 499e(c)(5)(ii), (f), (m).

### C. Motion to Amend Preliminary Pretrial Order

Finally, the court is in receipt of plaintiff's "Motion to Amend Preliminary Pretrial Conference Order pending the court's decision on its motion for partial summary judgment. (Dkt. # 20.) As part of that motion, plaintiff indicates that: (1) it "is not pursuing its remaining causes of action against Red Onion as Red Onion has been out of business for over two years, and has no assets"; and (2) it "is also not pursuing its causes of action in this lawsuit against Defendant Stanley Yerges … due to Yerges' bankruptcy filing." Accordingly, this court will grant final judgment in favor of Brooks and against Red Onion for the reasons stated and dismiss the remaining claims against Red Onion with prejudice and against Yerges without prejudice.

5

ORDER

IT IS ORDERED that:

1) plaintiff H. Brooks and Company, LLC's motion for partial summary judgment on its claims for breach of contract and violation of PACA against Red Onion, LLC (dkt. #12) is GRANTED;

2) all remaining claims against Red Onion, LLC are DISMISSED with prejudice;

3) all claims against Stanley Yerges are DISMISSED without prejudice;

4) plaintiff's motion to amend preliminary pretrial conference order (dkt. #20) is DENIED as moot; and

5) the clerk of court is directed to enter judgment consistent with the above and close this case.

Entered this 5th day of September, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge